UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DOWNS,

Petitioner,

v.

SACRAMENTO DISTRICT ATTORNEY OFFICE,

Respondent.

No. 2:25-cv-3385 DC AC

ORDER

Petitioner is a state prisoner, and is proceeding pro se. He filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 1, 2. However, the petition was not signed by petitioner. See ECF No. 1 at 8. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Accordingly, the court is unable to consider the petition unless petitioner signs and re-files the petition.

Petitioner will be provided an opportunity to re-file the petition bearing his signature. Failure to submit a signed amended petition will result in a recommendation that this action be dismissed.[1]

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period

Good cause appearing, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, petitioner shall re-file a signed petition;[2] and

2. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

DATED: August 11, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely. See 28 U.S.C. § 2244(d).